22-2008, United States v. Johns. Or Richard Johns. Section 3553A2 sets out the four purposes of sentencing a court must consider in fashioning a sentence. Retribution, deterrence, incapacitation, and rehabilitation. However, the Supreme Court and this court have made clear that certain purposes are impermissible for certain kinds of sentences. Undisputedly, it is impermissible for a court to consider rehabilitation when imposing a sentence of imprisonment and retribution when imposing a term of supervised release. Because the district court did exactly that, this court should reverse. First, the record is clear that the district court impermissibly considered rehabilitation in determining the sentence of imprisonment. After hearing from the parties and addressing their arguments, the district court says that those are the things  that the district court should consider. Second, the district court should not consider retribution, deterrence, and protecting the public. Then quote, but also to provide you with the education and training and support that you need when you get out to make better decisions. That is a plainly incorrect statement of law in the context of imprisonment. Counsel, can I just stop you there? Because I think you started with the proposition that you cannot consider education or whatever. But don't our cases say that it's only impermissible to lengthen the sentence to, oh, I think it would be better if you got this additional two years so that you could go to this educational program. Can you tell me what's your position on that? Sure. So that's the classic example, and what TAPIA is, is when the district court expressly says, or in this court's case in Tidsum, where they say, you know, I could vary down to 18, but then you wouldn't be able to participate in RDAP. You need at least 24, 36 months, whatever it is, in order to participate in RDAP, and I think that would be great for you. That's sort of the classic example, but this court's case law in Thornton and other cases also make clear that it's not just, it doesn't have to be tied to any specific program, an increase in the sentence. It's whenever the district court sentence is grounded even in part on promoting rehabilitation that is error. So there's sort of a caveat to that which is, and again, Thornton is the case that draws this line, is that a district court can consider rehabilitation in response to a defendant's motion for a downward variance based on rehabilitation to the extent that it has an effect on other permissible factors. So there was protecting the public. So the logic is the defendant can move for a downward variance saying I only need 36 months in imprisonment because at that point I will be rehabilitated and I will have been able to participate in these programs and I will no longer be a danger to the public. And that's a permissible consideration for the district court to consider. But Thornton also makes very clear that the court cannot then, there when it denied the motion for a variance, it cannot not then rely on promoting rehabilitation as a justification for its chosen sentence at that point. Just as a follow-up, the government argues, I think it reads that sentence that you point out from the district court judge that the district court judge was, I don't know, suggesting that this would be an additional benefit. I mean there's the first sentence which is, this is the sentence based on proper considerations, I guess, which you would concede. And then it has the second sentence which says, oh by the way it also has this additional benefit. Can you respond to that reading of what the district court did? I mean I certainly don't read it as saying, like, just as an aside, incidentally, apropos of nothing it would have this perceived benefit. It's, what the district court is saying is I have to impose a sentence that's sufficient but not greater than necessary to meet the goals of sentencing and list the permissible ones and also to provide you with the education and training. So it's continuing that thought, saying I have to impose a sentence that is sufficient but not greater than necessary to provide you with the education and training and support that you need. So those are clearly related concepts. And the government also argues that this was just a rote recitation of the sentence. It didn't really mean anything. And to the extent that it did, it was just saying that was a reference to supervised release conditions because that is permissible to consider rehabilitation and supervised release. But that's belied by the record because the very next thing the district court does is start to discuss the opportunities available to him in prison. So it makes no sense if she is saying that I need to fashion a sentence that is sufficient to provide you with education and training and support that you need and then only mention education and support programming within prison. They would have followed up with discussion of supervised release had they actually been talking about supervised release. And then immediately following that... Was the district court's mention of in-custody opportunities in direct response to your request for a downward departure? In context, it's not in... There's nothing to indicate that what the district court was doing was limiting its discussion of rehabilitation to denying the downward variance. It lists... It's certainly possible that that's why the topic was on the district court's mind. And in Thornton, this court says it's understandable that the court in Thornton went on to impose a sentence based on rehabilitation because confusingly, the defendant is permitted to request a downward variance based on rehabilitation. So here the district court made no attempt to explain... I'm mentioning this only in the context of denying your downward variance motion. Do you think that the district court has to say magic words? I mean, that's kind of what you're suggesting and I guess I'm wondering what those magic words would be. I'm responding to your argument. I'm not doing this on my own. I guess, help me understand that. I don't think there are any magic words. I certainly didn't go that far. This court says all the time there aren't any magic words, but here there's no indication whatsoever that it was limiting its consideration of this to the motion for downward variance. And in context, it seems clear that the district court is considering all these purposes of sentencing in fashioning its final chosen sentence because it lists the permissible considerations, but also rehabilitation and then goes on to say within this same conversation or the same discussion, just within one page of transcript, that I'm imposing the sentence of imprisonment. I'd like to talk about a couple of other points that the government makes. The government argues that there was no error here because the court focused extensively on criminal history. But Thornton makes clear that TAPIA error can occur even when the district court articulates additional valid reasons for the prison sentence. And here, that's basically what happened. The district court did mention other permissible purposes. It certainly talked about criminal history and other circumstances of the defendant, but that alone is not enough to say that there was an error when the district court expressly stated that it had to impose a sentence for purposes of rehabilitation. And as for the third prong, I think third prong is almost inherently satisfied in TAPIA error because we already have to show that the sentence was based at least in part on this impermissible purpose. So when the sentence is based on an impermissible purpose, and explicitly so, there's a reasonable probability that had the district court not considered that permissible purpose that it would have sentenced Mr. Johns to a somewhat lower sentence. And here, the district court gave a high guideline sentence. So even if the district court was inclined to reject the downward variance, still had plenty of room to work with within the guideline sentence. Can you address your second argument about the special conditions of supervised relief that were imposed in lieu of a fine? I'm not sure I'm understanding. If you can kind of walk me through the steps of how you reach your TAPIA error argument. Right, so the second issue is that the district court ordered two conditions of supervised release, a halfway house and community service, for the impermissible purpose of retribution. And we know that the district court did it for purposes of retribution for two reasons. First, the district court explicitly said that it was imposing the supervised release conditions in lieu of a fine. Fines are punitive. Fines, the district courts are statutorily required to consider A2A, the retributive purpose when imposing a fine. And here, the district court is expressly saying in lieu of a fine, which is punitive, I'm imposing these supervised release conditions. It's basically the transitive property. If fines are punitive and the conditions are in lieu of a fine, then the conditions are punitive. But second, we know that the district court had imposed the conditions for punitive purposes because it explicitly said so. It said after imposing those conditions, it said the total combined sanction with these special conditions is sufficiently punitive. Aren't you on plain error on this one? Yes, Your Honor, on both. We're on plain error. On both, yeah. But I don't see how either TAPIA or Benvey can get you there on plain error. So, TAPIA and Benvey... It certainly did not involve the imposition of special conditions like this in lieu of a fine. Neither one of them had anything to do with that, so I'm not sure how you'd get plain error here. So, both of them make clear, at the very least, that retributive considerations may not be reasons for a special condition of supervised release. And government hasn't disputed that. It's certainly possible... I do think that was based on DICTA and TAPIA, what we said in Benvey. True, but as you well know, this Court is bound by the recent DICTA just as much as a holding. So, you've got that, and the government doesn't dispute that. I get you that far. Okay, so the next step, even if just imposing it in lieu of a fine, even if that is not enough because it's at least conceivable that a district court could substitute conditions for a fine and still find that this is not for punitive purposes, or these conditions are appropriate just based on the permissible purposes. We know that's not what the district court did here because they followed up by saying the combined sanction with these conditions is sufficiently punitive. That would be a bizarre thing to say, that when I add in these special conditions, the sanction is punitive if there's no punitive... I don't think that's clear at all, what the Court is saying. Because I added these special conditions, the entire sentence is sufficiently punitive. I think we'd have to infer that. I'm sorry? I think you'd have to infer that. It's not clear, at least. Yeah, that's certainly possible. And what the district court was doing was quoting the guideline provision, 5E1.2E, which says recommends imposing conditions in lieu of a fine and instructs courts to ensure that the total combined sanction is sufficiently punitive. So certainly what the guideline is getting at and what it seemed what the district court is getting at is that there is a punitive aspect to these conditions. This is what is making the total sentence sufficiently punitive because I couldn't impose the fine because of the inability to pay. I see that I'm running short on time, so if we could just reserve it for rebuttal. Thank you. Ms. Walter? Good morning, Your Honors. May it please the Court, Tiffany Walters for the United States. Johns has not met his burden to show that the district court plainly erred, either by imposing or lengthening a term of imprisonment for rehabilitative purposes or by imposing special conditions for retributive purposes. I'll turn first to Johns' Tapia argument. Tapia pronounces a narrow rule. Tapia, as Judge Ide mentioned, prohibits lengthening or imposing a sentence for rehabilitative purposes. It doesn't simply prohibit the district court from having rehabilitation on its mind during sentencing. It's in fact required to do so for purposes of supervised release. And in Tapia, the court acknowledged that the district court did something right when it encouraged the defendant in that case to take advantage of in-custody rehabilitation. This is something that's not barred by the district court. And we've said in Thornton, we've said that what Tapia means is if the court grounds the sentence, grounds the sentence, meaning it considers this or forms part of the sentence, essentially, on perceived benefits to the offender of providing prison rehabilitation, you have Tapia. And it was clear that it can occur, even if the district court articulates plenty of other valid reasons, we've said in Thornton, if it can. And it does seem that this language particular paragraph, the court says, it talks about what it's going to do in fashioning a sentence, and it cites permissible factors, and then says, but also to, meaning, but also I'm fashioning a sentence to provide you with the education and training and support that you need when you get out to make better decisions. Only you can make that decision. Correct. So that, I don't know, it's kind of hard to say that this didn't, it wasn't a part of, at least, the court's rationale or one of the factors it considered. I think it's important to look at the language in that section of fashioning a sentence. I think that is important, because that next sentence says, but also to, meaning, I'm talking about fashioning, talking about what I'm going to look at in fashioning my sentence. But also I'm going to look at this. Correct, correct. But I do think the district court also imposed a term of supervised release, and that is part of the sentence in this case. And this is the only time in which the court details... Well, the court wasn't there yet. It wasn't imposing a term of supervised release. This is clearly about fashioning and imposing the prison term. That's where it was at at this point. It wasn't imposing the term of supervised release. It does then go and discuss it. It does, but it hasn't at this point. It's talking about what I'm going to do. Correct. And to the extent that that supports that inference, still I would argue that that is ambiguous language, because it references the sentence and not specifically the term of imprisonment. The court doesn't go back through the 3553A2 factors before addressing supervised release. This is the court's one discussion of these factors. And then it goes through and pronounces the term of imprisonment and then the conditions of supervised release. And John's whole argument stands on that one reference to A2D. And I would argue that it's most similar to this court's case in Naramore, which also included a similar list of the 35A2 factors that included D. And in that case, sort of the order of operations was first the district court denied a downward variance based on an argument of leniency based on mental health conditions. And in that, it referenced treatment and BOP. Then it granted the government's request for an upward variance. And then at the very end, it sort of had a sum-up paragraph where it said, you know, I've pronounced the sentence for all these reasons and lists all the A2A factors. And this court did not find... But in Naramore, wasn't that the case where the court actually did talk about rehabilitation after it imposed a sentence in connection with supervised release? Or am I misthinking on that? I'm sorry. It seems like Naramore was trying to remember the facts of that. Didn't it talk about the concerns about rehabilitation after it imposed supervised release? I'm not entirely... It's a permissible condition when you're talking about supervised release. It may have. Honestly, I can't recall specifically, so I don't want to say... I could be off on that too firmly, but I do know it came at the end. And then Naramore had an interesting quirk. So this court looked at that language and said, okay, the court's referencing sentence, and that also included, in this case, a term of supervised release. And A2D is a permissible consideration for a term of supervised release. But the wrinkle in Naramore, too, was that it was an upward variance, so the court had a written statement of reasons after the oral pronouncement. And in that form, it had checked a box for the reference rehabilitative purposes. And the court there said, we're not looking for stray remarks to find Tapia error in a decision that was otherwise Tapia compliant. What the court was focusing on was the reasons the court actually provided. And if you look at the reasons beyond this one reference to A2D that the district court is discussing, the court is concerned about the criminal history here, about... This is the defense's 23rd conviction, the defense spent at most 18 months of his adult life at a time outside of incarceration, and the court's concerned about the seriousness of his offenses and his potential for recidivism. And all that hinges on this rehabilitation is this one reference to A2D, and it seems like quite a stretch to say that the district court chose to impose this high-end guideline sentence for the purpose of rehabilitation, or that it increased it in any way. It only has to be a factor. It only has to be considered. And we were real clear about that authority. Not for the purpose of, but it was grounded in part, we said. And we also have made it pretty clear that it needs to be a possibility that it was grounded in part on. You've indicated that it could be ambiguous what the district court said, and I think that could be true, but doesn't that favor the defendant here? I don't believe it does because we're on plain error review. And so here, the defendant has a burden of showing that the error was plain or obvious. And the only way to get to this error is to combine both this one reference to A2D, plus a discussion of in-custody rehabilitation, plus a summary paragraph in the end that references the guideline sentence. And if you add that all up, you get to tapia error. And that's just not the type of review that this court has done in these cases where it actually is reversed on tapia error. The cases, when you look at the facts, have all involved really express statements where there's a connection, or at least that it's grounded on the rehabilitative purposes. It's not just a stray reference. And this is more similar to Naramore, where you've got an accidental checkbox, which perhaps if you were going through it carefully in writing, you could detail and be very specific, or if you followed a script. But if you do that, then it takes away from the district court being able to address the defendant directly and encourage the defendant to engage in rehabilitation if every stray remark or reference to A2D could be interpreted to possibly refer back to the term of imprisonment. That really handcuffs the district court in terms of the language that it uses as its ability to naturally address the defendant. I don't think the stray remark argument is better if this hadn't come in the part where the district court said, here's what I think about in fashioning the sentence. It doesn't seem as much like a stray remark there. The placement of it seems pretty clear. The placement of it? I can understand that reading of it, but again I think that turns back to the ambiguity issue. And here we have plain error and had the defendant objected, the district court could have said, oh, let me clarify. Let me make clear that my reference here is just I'm listing the A2A factors. This applies to both imprisonment, well it doesn't apply to both, but it applies to referencing all parts of the sentence. And the district court could have clarified that easily, but it wasn't objected to. The district court didn't have that opportunity and that would have resolved the situation here at that time. If there's no further questions on this issue, I'll turn to the second argument. Much like the first argument, here there is no clear, plain, or obvious error that this court could reverse on plain error review. The district court imposed the two conditions of supervised release and in its discussion of the supervised release conditions, it provided supervised release reasons for these sentences to allow the defendant to contribute to the community and because of his lack of a reentry plan. And then it also said in lieu of a fine. And that's the limit of the discussion in the section on conditions of supervised release. The court then goes to restitution and finally to a fine where it says, and it follows the guidelines to a T. This language comes straight out of the guidelines. The court found that the defendant was not able to pay a fine in this situation and indicated that the total sentence combined with the conditions of supervised release was sufficiently punitive. That is best understood as a reference similar to the 3553A factors where a sentence is necessary to meet the ends of sentencing. Punitive isn't just for purposes of punishment. The Supreme Court and even the defendant's cases indicate that it can serve other purposes. It can serve a deterrence and while that might be one permissible purpose it's not clear to show that the district court grounded the sentence in retribution. The court doesn't reference A2A anywhere. It doesn't reference retribution. All we have is a sentence from the guidelines where the district court makes the finding that the guidelines suggest and the defendant has not identified any cases that hold that this guideline is impermissible. This is a guideline that is applied routinely and there's nothing to demonstrate that it would be plainly erroneous for the district court to apply the guideline as it did here. The district court the district court's imposition of halfway house and community service is in many ways intended to be helpful to the defendant, not to be necessarily punitive and while it may serve an additional purpose here as being an alternative to the fine, again the tapia rule is not that there be any considerations in the district court's reasoning anywhere as to the sentence being punitive. It's whether or not this sanction is founded in a retributive or an A2A purpose and the record here is just not clear enough to show that it is in any way. Tapia doesn't address the guideline neither does Benvey and if the court were to hold that a guideline was impermissible in Benvey it would have done so clearly and that language is simply not there to show that. If the court doesn't have any further questions on this issue thank you, I appreciate the time. Thank you, your honors. A couple of quick points the government says that it's okay to encourage defendants to partake in and encourages BOP programming immediately after saying that it isn't taking that into consideration in imposing the sentence, that's clearly tapia error. Naramore is a blueprint for what district courts are supposed to do. In Naramore the district court rejected the defendant's motion for downward variance sentence which was based in part on rehabilitation and then in imposing the sentence and in granting an upward variance the district court never once mentioned rehabilitation only mentioned permissible purposes and then at the very end in its statement of reasons there was a checkbox that said rehabilitation but the narrative explanation never once mentioned rehabilitation so that's why this court said that that was just a straight remark, the checkbox was just inadvertent clerical error. With that I would ask this court to reverse and remand. Thank you.